IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHELBY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-00978-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Shelby Martin ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had the severe impairments of depression, anxiety, and bipolar disorder, but retained the residual functional capacity ("RFC") to perform work as a dishwasher, linen room attendant, and mail clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application on March 4, 2014, initially alleging a disability onset date of October 19, 2011. Plaintiff later amended her onset date to March 4, 2014. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial

to an ALJ. The ALJ held a hearing, and on May 29, 2015, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 13, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

2

available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Discussion

Plaintiff argues the ALJ erred by: (1) failing to support the RFC with substantial evidence; (2) improperly discounting Plaintiff's credibility; and (3) failing to sustain his burden at step five. After reviewing the record and the applicable law, the Court finds these arguments are without merit.

**I.     The RFC is supported by substantial evidence.**

First, Plaintiff argues the RFC is not supported by substantial evidence. She cites three errors: (1) limiting her to "simple routine work" does not fully account for Plaintiff's limitations in concentration, persistence, or pace; (2) the ALJ improperly weighed the medical opinion evidence on the record; and (3) the ALJ improperly weighed third-party statements.

**A. The ALJ properly accounted for Plaintiff's deficiencies in the RFC.**

Plaintiff makes a genuine argument that the ALJ erred by insufficiently accounting for her moderate difficulties with concentration, persistence, or pace in formulating the RFC. The Commissioner relies on *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001), finding "simple, repetitive, routine tasks adequately captures [claimant's] deficiencies in concentration, persistence or pace." Plaintiff argues *Howard* is distinguishable and urges the Court to rely on other district court decisions for the proposition that simple routine work does not describe a limited ability to complete tasks in a reasonable timeframe.

To constitute substantial evidence, a hypothetical must set forth the impairments accepted as true by the ALJ. *See Roberts v. Heckler*, 783 F.2d 110, 112 (8th Cir. 1985). When an ALJ states that a claimant has impairments of concentration, persistence, or pace, the hypothetical

3

must include those impairments. *See Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996). (holding when there is a finding that the claimant has deficiencies of concentration, persistence, or pace, a reference to "simple jobs" in the hypothetical is not enough to constitute inclusion of such impairments); *see also Howard*, 255 F.3d at 582 (holding an RFC that limited claimant to "simple, repetitive, and routine tasks" sufficiently incorporated the ALJ's finding that claimant suffered from borderline intellectual functioning which caused deficiencies in concentration, persistence or pace); *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (holding a hypothetical which included the ability to perform "only simple routine repetitive work, which does not require close attention to detail" and that the claimant "should not work at more than a regular pace" sufficiently incorporated claimant's deficient in concentration, persistence, and pace). *But see Porter v. Colvin*, No. 4:14-CV-00813-NKL, 2015 WL 3843268, *7 (W.D. Mo. June 22, 2015) (holding ALJ erred because the RFC of "simple, repetitive, and routine tasks" did not accommodate claimant's limited ability to complete tasks in a reasonable timeframe, which was a limitation the ALJ found significant).

Here, the ALJ found Plaintiff had moderate difficulties with concentration, persistence, or pace based on the treatment records and a medical source statement ("MSS") from Plaintiff's psychiatrist, Kevin Mays, M.D. ("Dr. Mays"). R. at 15, 18-19. The ALJ incorporated his finding into the RFC by limiting Plaintiff to "simple routine work in a low stress job defined as having only occasional decision making required, only occasional changes in the work setting, and only occasional judgments required on the job." R. at 16. The ALJ also limited Plaintiff's work to "only occasional interaction with the public, supervisors, and co-worker[s]." R. at 16. The ALJ accommodated Plaintiff's deficiencies by limiting work to a low stress job, limiting interactions with others, and posed a hypothetical, which stated more than just "simple jobs."

4

The ALJ did not find any other significant limitations, which he did not incorporate into the RFC. Thus, the ALJ properly accounted for Plaintiff's moderate deficiency in concentration, persistence, or pace in the RFC.

**B. The ALJ properly weighed the medical opinion evidence.**

Plaintiff next argues: (1) the ALJ should have developed the record further before rejecting Dr. Mays's opinion that Plaintiff could not maintain gainful employment; and (2) the opinion from Keith Allen, Ph.D. ("Dr. Allen"), a state-agency non-examining doctor, does not constitute substantial evidence.

First, the ALJ rejected Dr. Mays's opinion that Plaintiff could not maintain gainful employment because it was inconsistent with his treatment notes and his MSS. R. at 19. The ALJ also found it was on an issue reserved for the Commissioner. R. at 19.

The regulations impose a duty on the ALJ to re-contact treating physicians when the evidence received from them is inadequate for the ALJ to determine whether the claimant is disabled. 20 C.F.R. § 416.912(e). The duty applies both when the treating physician has supplied an opinion on the nature and severity of the claimant's impairments, and when the treating physician has issued an opinion on matters reserved to the Commissioner. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); SSR 96–5p, 1996 WL 374183, at *6 (July 2, 1996). But, the requirement that an ALJ re-contact a treating physician is not universal. *Hacker v. Barnhart*, 459 F.3d 934, 938 (8th Cir. 2006). It only applies when a crucial issue is undeveloped. *Ellis*, 392 F.3d at 994. "The regulations do not require an ALJ to recontact a treating physician whose opinion was inherently contradictory or unreliable." *Hacker*, 459 F.3d at 938.

Here, Dr. Mays provided an opinion that Plaintiff was unable to maintain gainful employment, which was an issue reserved for the Commissioner. *See Cruze v. Chater*, 85 F.3d 1320, 1325 (8th Cir. 1996) (finding statements from a doctor that a claimant cannot be gainfully employed "are not medical opinions, but opinions on the application of the statute, a task assigned solely to the discretion of the [Commissioner].") (internal quotation marks omitted). To support this conclusion, Dr. Mays stated he did not believe Plaintiff's mental capacity could reach a level where she could sustain employment, she has difficulty sustaining focus on even simple tasks, and has difficulty interacting with others. R. at 303. But, these statements are contradictory to the MSS Dr. Mays provided just weeks before. In the MSS, he stated Plaintiff had mild limitations in understanding and remembering simple instructions and moderate limitations to carry out simple instructions. R. at 270. Further, the MSS stated Plaintiff had moderate limitations in interacting with the public, supervisors, and co-workers. R. at 270. The ALJ found Dr. Mays's opinions were inconsistent and therefore, the ALJ was not required to re-contact Dr. Mays.

Next, Plaintiff argues the opinion of a non-examining doctor is not substantial evidence. This argument is without merit. The ALJ must consider a non-examining doctor's opinion as opinion evidence. *See* SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996). The ALJ gave Dr. Allen's opinion partial weight. The ALJ did not rely entirely on Dr. Allen's opinion and instead relied on Dr. Mays's treatment notes, medical source statements, and all of the other evidence in the record. Thus, the ALJ did not err by considering Dr. Allen's opinion.

### C. The ALJ properly weighed third-party statements.

Finally, Plaintiff argues the ALJ erred by improperly weighing the statements provided by her mother, father, and Eve Brackenbury ("Ms. Brackenbury"), the owner of the bookstore where she volunteered.

The Social Security Administration separates information sources into two main groups: acceptable medical sources and other sources. 20 C.F.R. § 416.902. An ALJ has more discretion in weighing opinions from other sources and may consider "any inconsistences found within the record" when discounting those opinions. *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005).

The ALJ assigned partial weight to the statements by Plaintiff's mother and father and some weight to the statement by Ms. Brackenbury. The ALJ noted some of the limitations provided in the statements contradicted the medical evidence in the record and found those portions of the statements unsupported. R. at 19-20. The ALJ also noted that Ms. Brackenbury's statement lacked sufficient details to be helpful. R. at 19. The ALJ did not err because she considered the third-party statements and discounted the portions of the statements that were inconsistent with the medical evidence in the record.

## II.   The ALJ properly assessed Plaintiff's credibility.

Next, Plaintiff argues the ALJ did not give good reasons for discounting her credibility. The ALJ cited three reasons for discounting the intensity, persistence, and limiting effects of Plaintiff's symptoms: (1) she has responded well to treatment and her medical records show normal mental examinations; (2) she interacts with the public and supervisors at her volunteer position and occasionally meets friends for coffee; and (3) she has a poor work history.

Plaintiff's argument is without merit because the ALJ considered permissible factors in determining her credibility.

The Eighth Circuit requires the ALJ to consider the following factors in evaluating a claimant's credibility: "(1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Buckner*, 646 F.3d at 558 (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). Of course, "[t]he ALJ need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004) (internal citations omitted).

Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). When the ALJ discounts a claimant's credibility, he must explain why he did so. *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

First, the ALJ permissibly considered Plaintiff's response to treatment. *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.").[2] Likewise, the ALJ properly considered Plaintiff's daily activities, including social interactions. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008) (finding inconsistencies between a claimant's daily activities and her alleged limitations detracted from her credibility); *Tindell v. Barnhart*, 444 F.3d 1002, 1006 (8th Cir.

---

[2] Plaintiff relies on *Hutsell v. Massanari* to support his argument that the ALJ improperly considered his own statement that he was "doing fine" in the credibility analysis. 259 F.3d 707, 712-13 (8th Cir. 2001) ("Doing well for purposes of a treatment program has no necessary relation to a claimant's ability to work or her work-related functional capacity."). However, the issue in *Hutsell* was information the ALJ used in determining the claimant's RFC, not credibility.

2006) (finding ALJ did not err by considering claimant's part-time work in determining the limiting nature of her mental impairments). Finally, the ALJ properly considered Plaintiff's work history. *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004) (finding the ALJ properly found the claimant not credible due in part to his "sporadic work record reflecting relatively low earnings and multiple years with no reported earnings").

In sum, the ALJ discussed multiple *Polaski* factors in finding the intensity, persistence, and limiting effects of symptoms reported by Plaintiff not entirely credible. Because the ALJ gave good reasons for discounting Plaintiff's credibility, the ALJ did not err.

### III. The ALJ did not err at Step Five.

Plaintiff argues the ALJ did not sustain his burden at step five because the testimony from the vocational expert ("VE") conflicted with the Dictionary of Occupational Titles ("DOT") as to the jobs linen room attendant and mail clerk.

Plaintiff argues the linen room attendant and mail clerk positions require a reasoning level three, which is inconsistent with a limitation to simple work. The Eighth Circuit has rejected this argument and therefore, the Court finds the ALJ sustained his burden at step five. *Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (finding "[t]he failure to address any potential inconsistency between the RFC's limitation to simple, routine, repetitive work and the DOT's requirement of level three reasoning does not require a remand").

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: August 28, 2017 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

9